# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-40240
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 29, 2024

Lyle W. Cayce
Clerk

Herbert Hoover Pratt, III,

*Plaintiff—Appellant*,

*versus*

Alvis Hall, *Disciplinary Hearing Officer, Beto I*; William Wheat, *Assistant Warden, Beto I*; Amy Oliver, *Program Supervisor*; Stacie Crowley, *Program Supervisor V*; Terry Burson, *Assistant Warden, Beto I*; Keith Gorsuch, *Senior Warden, Beto I*; John Doe, *SCC Chairman*; Jane Doe, *SCC Chairman*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:21-CV-192

———————————————————————

Before Elrod, Haynes, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Herbert Hoover Pratt, III, Texas prisoner # 02094982, moves for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

his civil rights complaint. The motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Pratt fails to address the district court's reasons for the summary judgment dismissal of his complaint. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Pratt has failed to challenge any factual or legal aspect of the district court's disposition of his claims or the certification that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal. *See id*. Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Pratt is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).